CAMILLE PLOURDE *v.* VICTOR LIBURDI, WARDEN
(13250)

PETERS, C. J., HEALEY, SHEA, GLASS and COVELLO, Js.

Argued February 10—decision released May 10, 1988

*Scott M. Karsten,* with whom, on the brief, was *William K. McGraw,* law student intern, for the appellant (petitioner).

*Henri Alexandre,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (respondent).

COVELLO, J. This is an appeal from the denial of the petitioner Camille Plourde's application for a writ of habeas corpus. The petition alleged an illegal confinement in that the warden had calculated the petitioner's 120 day sentence following a third conviction for operation of a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a[1] without reducing the sentence by the "good time" and "employment" credits to which he was entitled under General Statutes § 18-7a (c)[2] and § 18-98a.[3]

The habeas court concluded that the language of § 14-227a (h) (3)[4] prohibited any reduction of the 120

[1] General Statutes § 14-227a provides in pertinent part: "(a) OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both."

[2] General Statutes § 18-7a (c) provides in relevant part: "Any person sentenced to a term of imprisonment . . . may . . . while serving such sentence, by good conduct and obedience to the rules . . . earn a reduction of his sentence . . . in the amount of ten days for each month served and pro rata for a part of a month served . . . ."

[3] General Statutes § 18-98a provides in relevant part: "Each person committed to the custody of the commissioner of correction who is employed within the institution . . . for a period of seven consecutive days . . . may have one day deducted from his sentence for such period, in addition to any other earned time . . . ."

[4] General Statutes § 14-227a (h) (3) provides in relevant part: "Any person who violates any provision of [General Statutes § 14-227a] (a) . . .

day sentence and, therefore, dismissed the application. The petitioner appealed.

The issues presented by this appeal are: (1) did the court err in concluding that those convicted of a third violation of § 14-227a are not entitled to the statutory "good time" and "employment" credits with respect to the first 120 days of their sentences; and (2) does the denial of these credits to the petitioner deny him the equal protection of the laws in violation of the fourteenth amendment to the constitution of the United States and article first, § 20, of the Connecticut constitution? We answer both questions in the negative and find no error.

Examination of the record discloses that on September 19, 1986, the petitioner pleaded guilty for a third time to the offense of operating a motor vehicle while intoxicated, in violation of General Statutes § 14-227a. The court forthwith ordered him imprisoned for a term of 120 days.

During his entire confinement, the petitioner served his sentence with good conduct and obedience to the rules and was, therefore, eligible for the "good conduct" credit that would have reduced the length of his confinement pursuant to General Statutes § 18-7a (c). See footnote 2, supra. In addition, beginning on October 10, 1986, he was employed within the institution as a carpentry class aide for a period of seven consecutive days within the meaning of General Statutes § 18-98a; see footnote 3, supra; thus qualifying him for further reductions in the length of his confinement.

The warden calculated the petitioner's release date as January 16, 1987, i.e., 120 days from September 19,

shall . . . for conviction of a third violation . . . [be] imprisoned not more than two years, *one hundred twenty days of which may not be suspended or reduced in any manner* . . . ." (Emphasis added.)

1986, the date of sentencing. If the sentence reduction credits had been applied, the release date would have been December 14, 1986.[5]

General Statutes § 14-227a (h) (3) provides in relevant part that "[a]ny person who violates any provision of [General Statutes § 14-227a] (a) . . . shall . . . for conviction of a third violation . . . [be] imprisoned not more than two years, *one hundred twenty days of which may not be suspended or reduced in any manner* . . . ." (Emphasis added.) The habeas court agreed with the warden's contention that the statute's limitation on suspending or reducing the first 120 days of the mandatory prison term operated as an absolute bar to applying the sentence reduction credits otherwise available under General Statutes § 18-7a (c) and § 18-98a. We agree.

The petitioner points out that the "good time" credit statute, § 18-7a (c), was initially enacted in 1976; Public Acts 1976, No. 76-358; and that the "employment" credit statute, § 18-98a, was enacted in 1969. Public Acts 1969, No. 298. The amendment to § 14-227a that established the current mandatory minimum sentence was enacted in 1985. Public Acts 1985, No. 85-387. The petitioner argues that the only way to harmonize this later amendment with the earlier enactments dealing with the same subject is to construe the phrase "may

---

[5] The record reflects that the petitioner has served the 120 day sentence and is no longer confined. In light of this, we must decide whether the issues raised in this appeal have become moot. *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union, AFL-CIO,* 177 Conn. 17, 411 A.2d 1 (1979). We conclude that they are not, because: (1) the issues raised are capable of repetition yet evade review because of the historically short terms of alcohol related confinements; (2) presently there are over 200 inmates identically situated and thus affected by this ongoing program of the state's penal system; (3) the petitioner could very well be affected if convicted in the future; and (4) there is significant public interest in the disposition of alcohol related offenses. *Delevieleuse* v. *Manson,* 184 Conn. 434, 439 A.2d 1055 (1981).

not be suspended or reduced in any manner" as a limitation only on actions by the court and not on actions by the commissioner of correction.

The General Statutes, however, contain many provisions in which the sentencing authority of the court is limited. In each instance the statute clearly states: "may not be suspended or reduced *by the court.*"[6] (Emphasis added.) In view of the consistent use of the phrase "by the court" when imposing a sentencing limitation on the court, it logically follows that had the legislature intended that the limitation of § 14-227a (h) (3) apply only to actions by the court, the language would have read "may not be suspended or reduced *by the court."* (Emphasis added.) "[T]he use of different words [or the absence of repeatedly used words in the context of] the same [subject matter] must indicate a difference in legislative intention. *Fritz* v. *Madow,* 179 Conn. 269, 272, 426 A.2d 268 (1979)." *Steadwell* v. *Warden,* 186 Conn. 153, 164, 439 A.2d 1078 (1982) (*Shea, J.,* dissenting).

There are three further principles of statutory construction that militate against the position advanced by the petitioner. First, §§ 18-7a (c) and 18-98a are statutes of general applicability that provide for "good time" and "employment" credits in connection with all sentences. The sentence credit limitation of § 14-227a (h) (3)

---

[6] See, e.g., General Statutes § 53a-55a (b), manslaughter in the first degree; § 53a-56a (b), manslaughter in the second degree with a firearm; § 53a-59a (c), assault of victim sixty or older in the first degree; § 53a-60a (b), assault in the second degree with a firearm; § 53a-60b (c), assault of victim sixty or older in the second degree; § 53a-70 (b), sexual assault in the first degree; § 53a-70a sexual assault in the first degree with a deadly weapon; § 53a-71 (b), sexual assault in the second degree; § 53a-72b (b), sexual assault in the third degree with a firearm; § 53a-92a (b), kidnapping in the first degree with a firearm; § 53a-94a (b), kidnapping in the second degree with a firearm; § 53a-101 (c), burglary in the first degree; § 53a-102a (b), burglary in the second degree with a firearm; § 53a-103a (b), burglary in the third degree with a firearm; and § 53a-134 (b), robbery in the first degree.

concerns one specific sentence, i.e., that following a conviction for a third violation of § 14-227a. " 'It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling. *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103, 110, 214 A.2d 354 [1965]." *Budkofsky* v. *Commissioner of Motor Vehicles,* 177 Conn. 588, 592, 419 A.2d 333 (1979).

Second, as we have noted, the "employment credit" statute was originally enacted in 1969. Public Acts 1969, No. 198. The "good time credit" became law in 1976. Public Acts 1976, No. 76-358. The limiting language of § 14-227a (h) (3) was appended to § 14-227a in 1985, some nine years later. Public Acts 1985, No. 85-387. "[L]ater enactments are presumed to repeal [or be inapplicable to] earlier inconsistent ones to the extent of the conflict, regardless of the specific or general character of the later enactment." *Keogh* v. *Bridgeport,* 187 Conn. 53, 65, 444 A.2d 225 (1982).

Finally, we note that " ' "[t]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces." *State* v. *Staub,* 61 Conn. 553, 566, 23 A. 924 [1892].' *New Haven Water Co.* v. *North Branford* [174 Conn. 556, 564–65, 392 A.2d 456 (1978)]." *Beccia* v. *Waterbury,* 185 Conn. 445, 458–59, 441 A.2d 131 (1981).[7]

---

[7] In *Kelly* v. *Dewey,* 111 Conn. 281, 149 A. 840 (1930), this court was faced with the similar problem of resolving a conflict between two statutes that involved the mandatory sentencing provision of chapter 285 of the Public Acts of 1929, a predecessor to General Statutes § 14-227a. Although mindful of the principle of lenity, a majority of the court resolved the conflict by implementing the mandatory sentencing provision of the act.

We conclude that the 1985 amendment to § 14-227a (h) (3) establishes a 120 day mandatory minimum sentence for third time drunk driving offenders and that the habeas court correctly construed the statute when it concluded that the sentence credits otherwise available were inapplicable to the sentences of those persons convicted of a third violation of this statute.

The petitioner next argues that the singular unavailability of §§ 18-7a (c) and 18-98a to third time drunk driving offenders violates his right to the equal protection of the laws in violation of the fourteenth amendment to the constitution of the United States and article first, § 20, of the Connecticut constitution.

"[T]he constitution of Connecticut, article first, § 20, is the state counterpart of the equal protection clause of the fourteenth amendment to the constitution of the United States. These provisions of the federal and state constitutions 'have the same meaning and impose similar constitutional limitations.' *Karp* v. *Zoning Board,* 156 Conn. 287, 295, 240 A.2d 845 [1968]. Both provisions therefore may be considered together. See *Page* v. *Welfare Commissioner,* 170 Conn. 258, 264, 365 A.2d 1118 [1976]; *Tough* v. *Ives,* 162 Conn. 274, 292, 294 A.2d 67 [1972]; *Proctor* v. *Sachner,* 143 Conn. 9, 17, 118 A.2d 621 [1955]." *Lockwood* v. *Killian,* 172 Conn. 496, 500–501, 375 A.2d 998 (1977).

" 'Equal protection analysis must commence with a determination of whether . . . the legislation impinges upon a fundamental right. Where the legislation impinges upon [such a] right . . . then it must be struck down unless justified by a compelling state interest. . . . Where the statute does not involve fundamental rights . . . the legislation will withstand constitutional attack if the distinction is founded on a rational basis. . . .' *Laden* v. *Warden,* 169 Conn. 540, 542–43, 363 A.2d 1063 (1975)." (Citations omitted.) *Frazier* v. *Manson,* 176 Conn. 638, 645–46, 410 A.2d 475 (1979).

The United States Supreme Court has said that "the Constitution itself does not guarantee good time credit for satisfactory behavior in prison." *Wolff* v. *McDonnell,* 418 U.S. 539, 557, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). In an earlier equal protection analysis of §§ 18-7 and 18-7a, we concluded that one eligible for good time credits could not "assert a 'fundamental' right to additional good time credits permitted under another statute which became effective after he was sentenced." *Frazier* v. *Manson,* supra, 647. We see no reason to change this view in the present context of good time credits being withheld during the first 120 days of a sentence. "Our opinion [then] is that the standard to be used in assessing [this] . . . equal protection claim is the traditional 'rational basis' test and not the more exacting 'strict scrutiny' test." Id.

" 'Whatever views may be entertained regarding severity of punishment, whether one believes in its efficacy or its futility . . . these are peculiarly questions of legislative policy.' *Gore* v. *United States,* 357 U.S. 386, 393, 78 S. Ct. 1280, 2 L. Ed. 2d 1405 [1958]." *State* v. *Darden,* 171 Conn. 677, 679, 372 A.2d 99 (1976). "The question of classification is primarily one for the legislature, and the courts will not interfere unless a classification presented by statute is clearly irrational and unreasonable. *State* v. *Zazzaro,* 128 Conn. 160, 166, 20 A.2d 737 [1941]." *State* v. *Rao,* 171 Conn. 600, 603, 370 A.2d 1310 (1976).

" 'To be constitutionally valid, a regulation made under the police power must have a reasonable relation to the public health, safety, morality and welfare.' *State* v. *Gordon,* 143 Conn. 698, 703, 125 A.2d 477 [1956]." *State* v. *Darden,* supra, 680. "The limit of the exercise of the police power is necessarily flexible, because it has to be considered in the light of the times and the prevailing conditions." *State* v. *Gordon,* supra.

One need not be an in depth observer of our times and their prevailing conditions to detect the complex social, legal and economic burdens brought about by the confluence of alcohol and the modern motor vehicle. To maximize the deterrent effect of the drunk driving laws by imposing a mandatory minimum sentence, is "a valid social purpose properly within the legislature's police power." *State* v. *Darden,* supra, 681. The legislature quite properly "may impose mandatory minimum terms of imprisonment for certain crimes, and may preclude the probation *or suspension of a sentence.*" (Emphasis added.) Id., 680.

Accordingly, we conclude that General Statutes § 14-227a (h) (3) is an appropriate exercise of the legislature's police power and its effect on General Statutes §§ 18-7a and 18-98a does not deny the petitioner the equal protection of the laws.

There is no error.

In this opinion the other justices concurred.