MICHAEL R. BUTTS *v.* LARRY R. MEACHUM,
COMMISSIONER OF CORRECTION, ET AL.
(6638)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Submitted on briefs December 15, 1988—decision released February 1, 1989

*L. D. McCallum,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (respondent).

*James D. Hirschfield,* for the appellee (petitioner).

PER CURIAM. This appeal from the trial court's granting of a petition for habeas corpus presents the same question as that decided in *Plourde* v. *Liburdi,* 207 Conn. 412, 540 A.2d 1054 (1988), which held that a person who has been sentenced to a mandatory minimum sentence under General Statutes § 14-227a (h), is not entitled to "good time credit" pursuant to General Statutes § 18-7a (c)[1] or "employment credit" pursuant to General Statutes § 18-98a.[2] In the present case, decided before *Plourde,* the trial court concluded that the petitioner, sentenced to a mandatory minimum sentence pursuant to General Statutes § 14-227a (h),[3] was entitled to such credits.

The ruling in *Plourde* requires reversal of the trial court's judgment which granted the petition for writ of habeas corpus.

---

[1] General Statutes § 18-7a (c) provides in pertinent part: "Any person sentenced to a term of imprisonment . . . may . . . while serving such sentence, by good conduct and obedience to the rules . . . earn a reduction of his sentence . . . in the amount of ten days for each month served and pro rata for a part of a month served . . . ."

[2] General Statutes § 18-98a provides in pertinent part: "Each person committed to the custody of the commissioner of correction who is employed within the institution . . . for a period of seven consecutive days . . . may have one day deducted from his sentence for such period, in addition to any other earned time . . . ."

[3] The petitioner was convicted for the fourth time of operating a motor vehicle while under the influence, pursuant to General Statutes § 14-227a, and sentenced to a term of three years imprisonment, execution suspended after one year, pursuant to General Statutes § 14-227a (h) which provides in pertinent part: "Any person who violates any provision of [General Statutes § 14-227a (a)] shall . . . (4) for conviction of a fourth and subsequent violation within five years after a prior conviction for the same offense . . . [be] imprisoned not more than three years, *one year of which may not be suspended or reduced in any manner.* . . ." (Emphasis added.)

There is error, the judgment is set aside and the case is remanded with direction to deny the petition for writ of habeas corpus.