[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff William H. Ward appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operating license for ninety days. The commissioner acted pursuant to General Statutes 14-227b. The plaintiff's appeal is authorized by 4-183. The court finds the issues in favor of the defendant commissioner. CT Page 2395
On March 30, 1993, the Farmington police arrested the plaintiff, charging him with operating a motor vehicle while under the influence of alcohol in violation of 14-227a. Immediately thereafter, a police officer administered a breath test, on an intoximeter machine, to measure the alcohol content of the plaintiff's blood. The intoximeter machine recorded alcohol levels in excess of the statutory limit of ten-hundredths of one percent. This resulted in the automatic suspension of the plaintiff's license and entitled him to an administrative hearing, which was duly held.
At the administrative hearing, the plaintiff appeared, represented by counsel, and the police officer who administered the intoximeter test also appeared and testified. Certain documentary evidence concerning the certification of the intoximeter machine and the certification of the police officer by the department of health services was also introduced in evidence.
Section 14-227b provides that the administrative hearing shall be limited to a determination of four issues: (1) did the police have probable cause to arrest the plaintiff; (2) did the police arrest the plaintiff; (3) did the results of the chemical analysis or tests, including a breath test such as administered in this case, indicate that at the time of the offense the ratio of alcohol in the plaintiff's blood was ten-hundredths of one percent or more of alcohol, by weight; and (4) was the plaintiff operating the motor vehicle. If, after the hearing, the motor vehicle department hearing officer finds on any one of these issues in the negative, the commissioner must reinstate the plaintiff's license. In this case the hearing officer found all of the issues in the affirmative; that is adversely to the plaintiff. The commissioner thereupon sustained the license suspension and duly notified the plaintiff.
Upon receipt of the hearing officer's decision, the plaintiff petitioned the motor vehicle department for reconsideration, contending that the police had failed to test the intoximeter in accordance with applicable state regulations. The division chief of the motor vehicle department, acting in behalf of the commissioner, denied CT Page 2396 the plaintiff's petition. In his decision, the division chief stated
 The intoximeter was checked for accuracy with an external standard immediately prior to and immediately after each test, and its internal standard was within the proper range. There is no probative evidence that the BAC test results are not accurate.
The plaintiff does not contest the fact that the intoximeter had been certified by the department of health services or that that certification was in effect at the time the machine was used in the plaintiff's case, nor does he contest the police officer's certification by the department as a qualified operator of the machine. He also does not dispute the fact that the police tested the machine for accuracy immediately prior to using it to measure the alcohol content of the plaintiff's blood and immediately thereafter. The sole basis of the plaintiff's appeal is that the police did not test the machine "at the beginning and no later than the end of (the) workday or shift" as provided in Regs. of State Agencies14-227a-10. Therefore, he argues, the hearing officer should not have admitted in evidence the intoximeter results. Without those results, of course, there would have been insufficient evidence to support the hearing officer's finding that the alcohol level of the plaintiff's blood exceeded the legal level.
The plaintiff's argument relies on the regulation quoted above and 14-227a(c)(3) of the statutes, which provides that the breath test must be performed "according to methods . . . approved by the department of health services." The plaintiff concedes, as he must, that subsection (c)(4) of the statute provides for a machine testing procedure which is different from that set forth in the regulation. The statutory procedure, in subsection (c)(4), requires only that the machine be checked immediately before and after the machine is actually used to test an individual's breath. It is undisputed that that procedure was followed in this case. The plaintiff argues, however, that the statute and the regulation must be read together, to require both machine testing procedures; that is, he argues that the police CT Page 2397 must check the machine for accuracy at the beginning of the workday or shift, then immediately before and after each actual breath test performed on a subject, and then again before the end of the workday or shift. If this procedure is not followed, he claims, the breath test results of an individual may not be admitted at the administrative hearing. The court concludes that this argument may not be sustained.
Prior to 1988, both the regulation and the statute provided that machines be tested only at the beginning and end of the day. In 1988, however the legislature enacted Public Act 88-85, which repealed 14-227a(c)(4) and changed it to read as it now does; that is, requiring that machines be checked immediately before and after the actual testing of an individual. At the same time, the Act eliminated from the statute the requirement that machines be checked at the beginning and end of the day. Although the department of health services proposed changing the regulation in question to conform to the new statute, it never did so, thus creating the present inconsistency.
"(L)ater enactments are presumed to repeal (or be inapplicable to) earlier inconsistent ones to the extent of the conflict, regardless of the specific or general character of the later enactment . . . The General Assembly is always presumed to know all of the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces." Plourde v. Liburdi, 207 Conn. 412, 417 (1988). "When two statutes are in irreconcilable conflict, the later enactment is presumed to have repealed the earlier one by implication . . . It follows logically that a later statute also repeals a prior irreconcilable administrative regulation. An administrative regulation can have no authority beyond the statute it purports to implement." Harper v. Tax Commissioner, 199 Conn. 133,142 (1986).
In this case, the statute, as amended, prescribes a reasonable and effective procedure for checking alcohol/breath testing machines before and after their use, to ensure their accuracy. As the commissioner points CT Page 2398 out in his brief to the court in this appeal, the new statutory machine checking requirement is more rigorous and subject-specific than the prior requirement. In effect, it provides more protection to the individual from the risk of being tested by a faulty machine because the machine must be checked each time it is used regardless of the number of times it was checked previously during the same workday or shift. On the other hand, checking a machine at the beginning and end of each day would now be redundant; indeed, the plaintiff has pointed to nothing that might conceivably be discovered during such an exercise that the new statutory procedure would not reveal in any case, and more meaningfully. These practical consequences of the 1988 change in the statute support the defendant commissioner's position that the statute now supplants the regulation in prescribing the entire procedure for checking the breath testing machines.
The court holds that Public Act 88-85 repealed by implication the inconsistent requirement in the earlier regulation just as it explicitly repealed that same requirement in the earlier statute. The plaintiff may not, therefore, prevail on his argument that the police did not comply with the regulation. Since it is undisputed that the police did comply with the provisions of the statute, as amended by the Act, the plaintiff's objection to the admissibility of the breath test results was properly overruled by the motor vehicle department hearing officer.
At oral argument on this appeal, the plaintiff advanced the argument that the method employed by the police to check the machine was unreliable. He claimed that merely testing "ambient" air is insufficient and that it would be necessary to check an actual alcohol sample in order to verify the machine's capability. He did not dispute, however, that the police followed the method prescribed by the applicable health department regulations in performing the checks that they did.
The plaintiff's claims concerning the methods used by the police to check the accuracy of the intoximeter may well have merit. The court is in no position in this case, however, to evaluate those claims. No evidence was CT Page 2399 introduced at the administrative hearing on the subject, so there is nothing in the record to provide a factual basis in suppport [support] of the argument. Furthermore, the plaintiff did not include these claims in his complaint or in his brief to the court, and there was, for that reason, no opportunity for the defendant commissioner to respond.
The appeal is dismissed.
MALONEY, J.