[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Maple Leaf Construction, Inc. (Maple Leaf), appeals a decision of the defendant, Town of Somers Planning Commission (Commission), denying the plaintiff's request for an extension of an original subdivision approval pursuant to Connecticut General Statutes § 8-26c(d) to complete site improvements. The Commission acted pursuant to General Statutes §8-26c(d) and the subdivision regulations of the Town of Somers. The plaintiff appeals pursuant to General Statutes § 8-8.
FACTS/PROCEDURAL HISTORY
On March 23, 1987, the then property owners, Stephen J. Dellaquila Della Construction Co., Inc. applied (application #249) to the Commission for a sixty-two lot subdivision of property at Florida and Stebbons Road in the Town of Somers, Connecticut. (Return of Record [ROR], Item 6). On July 23, 1987, the Commission approved that application for division of the property into fifty-nine lots. (ROR, Item 6). The Commission entitled said property as "The Homes At Heron Pond, Property of Stephen J. Dellaquila Della Construction Co. Inc., Stebbins Florida Roads. Somers, Conn., dated July 15, 1987." (Defendant's Exhibit, P Z 1).
On September 24, 1987, Rene Veilleux of Veilleux Enterprises, Inc. requested the Commission to allow Veilleux to construct the subdivision in two phases.[1] (ROR, Item 6). On October 8, 1987, the Commission approved Veilleux's request on behalf of Ken Rutledge, the new owner of the former Della Subdivision.[2] (ROR, Item 6). These two phases were subsequently completed.
On April 14, 1994, the Commission approved the construction of CT Page 4082-W Phase III of the Heron Pond Subdivision subject to the posting of a bond.[3] (ROR, Item 3-I). As of this date, Maple Leaf was the record owner of Phase III. (Plaintiff's Exhibit A).
On May 16, 1994, Mr. Veilleux, president of Maple Leaf Construction, formally requested an extension of the original subdivision approval "to allow for the time needed to proceed and complete the site improvements on this final phase of Heron Pond."[4] (ROR, Item I-F). On June 30, 1994, the Commission held a public hearing to determine whether to grant Maple Leaf an extension. (ROR, Item 3-B). The Commission subsequently denied Maple Leaf's request for an extension for the Heron Pond Subdivision for the following reasons:
 (1) since the approval of the subdivision, new data is now available concerning watercourses which may or may not have an impact on the subdivision;
 (2) with new data available to staff and consultants, certain lots within the subdivision (phase III) may not be suitable for building;
 (3) if the developer completes the roadway and particular lots become nonconforming to current regulations, the town would become liable for the maintenance of the roadways;
 (4) the drainage pipe which currently appears to be blocked, may or may not have an impact on the water within the area if it were to be cleared. The cleaning of that particular area may or may not also have an impact on the existing homes; and
 (5) the current subdivision approval will expire on July 23, 1994 (ROR, Item 3-C).
The Commission published legal notice of its decision in the Journal Inquirer on July 13, 1994. (ROR, Item 2-A). On July 27, 1994, the plaintiff filed an appeal with the clerk of the superior court, judicial district of Tolland at Rockville. The plaintiff asserts that the Commission acted illegally, arbitrarily and in abuse of its discretion by: (1) ignoring the spirit and legislative intent of General Statutes § 8-26c(d); (2) selectively enforcing the law against the plaintiff; (3) making factual determinations on evidence not presented at the hearing; (4) drawing improper and erroneous legal conclusions in reaching its decisions; (5) illegally applying current standards to a previously CT Page 4082-X approved subdivision; (6) refusing to consider plaintiff's claim that all work could be completed within the statutory limits set forth in General Statutes § 8-26c(d); and (7) prejudicing the application because of biased Commission members. (See plaintiff's appeal, filed July 27, 1994).
The defendant filed a return of record on October 5, 1994, and an answer on January 25, 1995. On January 10, 1996, the parties appeared before the court and argued the merits of the appeal.
JURISDICTION
In order to take advantage of a statutory right of appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which create that right.Simko v. Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). These provisions are mandatory and jurisdictional; failure to comply may subject the appeal to dismissal. Id.; Capalbo v.Planning Zoning Board of Appeals, 208 Conn. 480, 485,547 A.2d 528 (1988).
A. Aggrievement
Aggrievement is a jurisdictional matter and a prerequisite for maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). The question of aggrievement is essentially one of standing.DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,573 A.2d 1222 (1991). Unless the plaintiff alleges and proves aggrievement, the court must dismiss the appeal. Id. "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights." Smith v. Planning and Zoning Board, 203 Conn. 317,321, 524 A.2d 1128 (1987).
The plaintiff alleges that it is the owner of the property which is the subject of this appeal. (ROR, Item 3B). The plaintiff further alleges that the defendant has deprived the plaintiff of the right to use its property as it intended and as permitted by law. At oral argument, the parties stipulated that Maple Leaf owned the Phase III lots in question when the Commission denied Maple Leaf's request for an extension. The court finds from the CT Page 4082-Y record that the denial of the plaintiff's request for an extension specifically and injuriously affected its property, which is the subject of this appeal. Accordingly, the court finds that the plaintiff is aggrieved.
B. Timeliness
General Statutes § 8-8 (b) provides that "any person aggrieve by any decision of a board may take an appeal. . . within fifteen days from the date that notice of the decision was published. . . ." Such appeal "shall be commenced by service of process in accordance with [section 8-8]." General Statutes §8-8 (b). The Journal Inquirer published notice of the Commission's decision on July 13, 1994. (ROR, Item 2-A). The plaintiffs served the Town of Somers in accordance with General Statutes § 8-8 on July 22, 1994. The court finds, therefore, that this appeal is timely.
STANDARD OF REVIEW
A trial court may grant relief in an appeal from a decision of an administrative authority only where the authority has acted unreasonably, illegally, arbitrarily or has abused its discretion.Smith v. Zoning Board of Appeals, 227 Conn. 71, 80, 629 A.2d 1089
(1993). The court, however, "may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers." (Internal quotation marks omitted.) Frito-Lay, Inc. v. Planning ZoningCommission, 206 Conn. 554, 572-73, 538 A.2d 1039 (1988). The court simply determines whether the record reasonably supports the conclusions reached by the agency. DeBeradinis v. ZoningCommission, 228 Conn. 187, 198, 635 A.2d 1220 (1994). Where the Commission has stated the reasons for its decision, the court is not at liberty to probe beyond them. DeMaria v. Planning ZoningCommission, 159 Conn. 534, 541, 271 A.2d 105 (1970). If the record supports any of the reasons stated by the Commission [to deny Maple Leaf's extension request] then the court must uphold the Commission's decision. DeBeradinins v. Zoning Commission, supra,228 Conn. 187.
"The burden of proof is on the plaintiff to demonstrate that the board acted improperly." Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991).
DECISION
CT Page 4082-Z
This appeal appears to be a case of first impression regarding Connecticut General Statutes § 8-26c as modified byPublic Act 93-19, which authorizes Planning Zoning Commissions to grant extensions of subdivision approvals beyond the existing seven year period.
The plaintiff contends that § 8-26c(d) is a remedial statute and that the Commission ignored the wording and spirit of General Statutes §§ 8-26 (a) and 8-26c(d) in denying Maple Leaf's request and that the Commission ignored the wording and spirit of General Statutes §§ 8-26 (a) and 8-26c(d) in denying Maple Leaf's request for an extension.
Connecticut General Statutes § 8-26c(d) provides in relevant part ". . . the commission may grant one or more extensions of time to complete all or part of the work in connection with such subdivision . . ." (Emphasis added.).
The Supreme Court has held that the word "may" is discretionary and not mandatory. Seals v. Hickey, 186 Conn. 337, 345, 441 A.2d 604
(1982); Ridgeway v. Ridgeway, 180 Conn. 533, 540, 429 A.2d 801 (1980).
Although a court need not reference a statute's legislative history when the language of a statute is clear and unambiguous,American Universal Ins. Co. v. DelGrecco, 205 Conn. 178, 193,530 A.2d 171 (1987), the legislative history of Public Act 93-19
indicates that the bill was not intended to provide automatic extensions to developers in order to complete subdivision improvements. As originally proposed, Public Act 93-19 provided for an automatic three year extension for all subdivisions. However, the compromise bill as passed vested discretion in the local Planning and Zoning Commissions to decide whether to grant or deny subdivision extensions.[5] If the legislature had intended the act to be purely remedial in nature, it would have passed the original version which mandated that a Planning and Zoning Commission give all subdivisions an automatic three year extension.[6] The purpose of statutory construction is to give effect to the intended purpose of the legislature. Dos Santos v.F.D. Rich Construction, Inc., 233 Conn. 14, 20, 658 A.2d 83 (1995);Vaillancourt v. New Britain Machine/Litton, 224 Conn. 382, 290,618 A.2d 1340 (1993).
The court concludes, therefore, by a plain reading of General Statutes § 8-26c as amended by Public Act 93-19 that the granting CT Page 4082-AA or denial of an extension is a discretionary act of the Commission.
Although the court finds that the Commission has discretion to grant or deny subdivision extensions, the Commission can not be unreasonable in its decision. In the present action, the court must consider whether the Commission had a reasonable basis to deny Maple Leaf's extension request.
The court concludes that the Commission reasonably denied Maple Leaf's request for an extension for the reasons as set forth below.
First, Maple Leaf sought an extension at a point when their Inland Wetlands approval had expired. The record reflects that the Inland Wetlands approval expired in 1992. Maple Leaf argues that the subdivision problems were on the agenda of the Inland Wetlands Commission and that the Commission should have given Maple Leaf the extension to go before the Inland Wetlands Commission. The court, however, finds that the Commission did not have to grant Maple Leaf an extension to give it time to go before the Inland Wetlands Commission when the approval had since expired in 1992.
Second, Maple Leaf did not meet its burden of establishing why the Commission should have granted it an extension. The Town of Somers Subdivision Regulations § 8.01.01 provides that: "[t]he Commission will consider an application for extension of time to complete improvements and the term of the performance bond when good cause for the extension is shown." (Emphasis added.)
In its initial letter formally requesting an extension, Maple Leaf requested the extension "to allow for the time needed to proceed and complete the site improvements on the final phase of Heron Pond." (ROR, Item 1-F). Moreover, the transcript of the June 30, 1994 Commission meeting demonstrates that Maple Leaf failed to provide specific reasons or show good cause as to why they required an extension beyond the fact that it needed an extension to continue the third phase. (ROR, Item 3-B). The Commission could not have acted illegally, arbitrarily or in abuse of its discretion by denying Maple Leaf's extension when Maple Leaf failed to meet its burden of showing good cause for the extension.
Third, the court finds that the discretionary power provided CT Page 4082-BB to the Commission pursuant to General Statutes § 8-26c(d) allows the Commission to consider new regulations and new conditions in the property in its decision to grant or deny an extension.
The legislature, by enacting Public Act 93-19, gave the Commission discretionary power to grant up to a three year extension after seven years for subdivisions approved on or before October 1, 1991. It is clear that Public Act 93-19 gave the Commission discretionary power precisely for a situation as in the present case. In the present case, the original approval had been extended so far (to seven years) that substantial changes in the property and the regulations had taken place. These changes gave the Commission sufficient concern to no longer want the earlier approval to continue because it was no longer proper in view of the changed conditions.[7]
The court is well aware that General Statutes § 8-26(c), providing continuing approval throughout a seven year period, is mandatory and that Public Act 93-19 provides that for beyond the seven years additional approval is discretionary.
It is, however, a rudimentary rule of statutory construction that the legislature is presumed to be aware of all existing statutes, and, therefore, clearly knew of the maximum mandatory approval when it passed Public Act 93-19 allowing a discretionary extension period. See Leo Fedus Sons Construction Co. v. ZoningBoard of Appeals, 225 Conn. 432, 442, 623 A.2d 1007 (1993);Plourde v. Liburdi, 207 Conn. 412, 416-17, 540 A.2d 1054 (1988). Accordingly, the court finds that the Commission may look to the new regulations and the new conditions when deciding whether to grant or deny a subdivision extension after the mandatory time period has passed. The court further finds that this is exactly what the Commission did.
Moreover, the Commission denied the extension for the following reasons:
 (1) since the approval of the subdivision, new data is now available concerning watercourses which may or may not have an impact on the subdivision;
 (2) with new data available to staff and consultants, certain lots within the subdivision (phase III) may not be suitable for building;
CT Page 4082-CC
 (3) if the developer completes the roadway and particular lots become nonconforming to current regulations, the town would become liable for the maintenance of the roadways;
 (4) the drainage pipe which currently appears to be blocked, may or may not have an impact on the water within the area if it were to be cleared. The cleaning of that particular area may or may not also have an impact on the existing homes; and
 (5) the current subdivision approval will expire on July 23, 1994. (ROR, Item 3-C).
The first reason was probably the basis for the Commission being concerned that the original Inland Wetlands permit had expired in 1992, and that Maple Leaf had yet to go before the Inland Wetlands Commission to obtain a new permit. This was a valid reason.
The court also finds that reasons two, three and four as well as the first reason as indicated above were proper and fulfilled the purpose of Public Act 93-13 being discretionary to allow for changed circumstances beyond the original seven year period, namely that after seven years changes did occur that made the original approval no longer proper and valid.
The court further finds that the record supports the above reasons, and even if only one is valid, the Commission's decision must stand.[8]
Finally, the court finds by a preponderance of the evidence that the Commission accomplished the requirement of recording and filing notice of the expiration of the approval of the subdivision plan, pursuant to General Statutes § 8-26c(c), on October 26, 1994. (Defendant's Exhibit, P Z 1).
For all of the above reasons, the court finds that the Commission did not act illegally, arbitrarily, unreasonably or in abuse of its discretion in denying Maple Leaf's application to extend. Accordingly, the plaintiff's appeal is dismissed.