[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the Court (Moraghan, J.) has refused to conform the sentence imposed upon him to the sentence pronounced in court. He claims that on January 21, 1993 he was presented before the court on a plea agreement which called for two sentences of fourteen (14) years each to be served concurrently for a total effective sentence of fourteen (14) years. Judge Moraghan explained to him that the two counts, Robbery in the first degree and Burglary in the first degree, carried mandatory minimum sentences of five (5) years each. Plaintiff Exhibit 1.
His claim is that the court then made the judgment and mittimus include within the fourteen (14) year sentence a mandatory minimum of ten (10) years, being a consecutive serving of the two mandatory minimum portions of the sentence as to each count.Petitioner's Exhibit 3. Petitioner claims that such sentence was unlawful since it does not conform to the plea agreement nor the sentence pronounced.
No witnesses were called. The transcript of the plea and sentencing proceedings were marked as Petititoner's Exhibit 1.
The transcript comports that the plea agreement was that the petitioner was to enter a plea of nolo contendre to the charges of burglary in the first degree and robbery in the first degree for an agreed disposition of fourteen years to serve (p. 5). It also is clear that the sections of burglary and robbery to which the petitioner was to plead carries mandatory minimums of five (5) years which the court may not suspend or reduce (pps. 16 and 17) as stated by the State's Attorney. The court in its canvas of the plea made it clear that its intent was to impose such non-suspendable sentences in an aggregate of ten (10) years (pp. 21-22) and P. 29) and then so sentenced. (See p. 53 of Petitioner's Exhibit 1 and Petitioner's Exhibit 3).
It is also clear that the limitation imposed upon the court in sentencing under these two sections of burglary and robbery imposes no such limitation on the Department of Correction in computing the time for eligibility for parole or of release of the petitioner. Plourde v. Libardi, 207 Conn. 412, 416. In fact the Department of Corrections is computing the petitioner on a CT Page 1001 fourteen (14) year sentence without regard to the mandatory minimum imposed by the Court. See Petitioner's Exhibit 2, p. 19. This court finds that the court has sentenced in the manner of following the plea bargain and at the same time recognizing legislative direction in imposing a non-suspendable mandatory minimum.
For the above reasons the petition is dismissed.
Thomas H. Corrigan Judge Trial Referee