[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals the ninety day suspension of his license by the defendant on the grounds that he was not given a copy of the intoximeter test results so the intoximeter tapes should not have been admitted into evidence at the Department of Motor Vehicles hearing. At oral argument plaintiff conceded that ground has no merit in light of the Supreme Court decision of Fishbeinv. Kozlowski, 252 Conn. 38 (2000).
Plaintiff then asserts that since he has already served the ninety day suspension, the case is moot. However he recognizes that if the court finds mootness and so dismisses the case for lack of jurisdiction, he would be "vulnerable to the imposition of a ninety day suspension all over again." Consequently, he requests this court to find that he has completed his ninety day suspension and is entitled to re-instatement.
The facts are as follows: On October 19, 1999 plaintiff's license was suspended for ninety days, a suspension that normally would expire on January 18, 2000. He appealed the defendant's decision, and this court granted an ex parte stay on November 8, 1999, confirmed after a hearing on November 22, 1999, with specific limitations that the plaintiff could drive only to work CT Page 3218 six days a week between 7:00 a.m. and 6:00 p. m. and on Sundays to church from 11:00 a.m. to 2:00 p. m. On December 10, 1999 the defendant issued a work permit to the plaintiff permitting him to drive for employment purposes from 7:00 a.m. to 7:00 p. m. six days a week until his license was eligible to be restored. Subsequently, the defendant, realizing that, pursuant to Connecticut General Statutes § 14-37a(b), it should not have issued the work permit because an appeal was pending, revoked the permit as of January 19, 2000.
On these facts plaintiff asserts the defense of mootness. There is no merit to this defense. In Collins v. Goldberg,28 Conn. App. 733 (1992), the Appellate Court clearly held that the fact a motorist had served his suspension period does not render the appeal moot. The reasons are "(1) the issues raised are capable of repetition yet evading review due to the relatively brief, ninety day suspension period, (2) the record indicates that in 1991, over 14,000 drivers in Connecticut had their operator's license suspended under this ongoing statutory scheme, (3) if the plaintiff again violates § 14-227b, he could be adversely affected, as he would be subject to a longer suspension, and (4) there is significant public interest in the disposition of alcohol related offenses." Id. p. 736, fn. 2. See also Plourde v.Liburdi, 207 Conn. 412, 415, fn. 5.
As for whether or not plaintiff has served the ninety day suspension period, that is an administrative issue that must first be decided by the motor vehicle department and not by this court. The court notes that plaintiff served his suspension from the date it was issued on October 19 until the court ordered the ex parte stay on November 8, 1999 (a period of 20 days). On November 22, 1999 the court ordered a stay with work and church driving limitations in effect until the date of this decision. On December 10, 1999, the Department of Motor Vehicles issued a work permit to the plaintiff with driving privileges similar to those imposed by the court, and then terminated that work permit on January 19, 2000 (a period of 40 days). It seems to this court that the 20 days from October 19 to November 8, 1999, when plaintiff could not drive, and the 40 days from December 10, 1999 to January 19, 2000, when he could under the DMV work permit should be credited against plaintiff's period of suspension. That is a decision, however, for the DMV initially to make. Less clear is whether or not the plaintiff should be credited with the period from the court-ordered stay of November 22, 1999, until this decision. Normally court-ordered stays toll the running of CT Page 3219 the suspension period. It is for the DMV to decide whether, because of the similarity of the court-ordered driving restrictions with the DMV work permit, the time after November 22, 1999 should be credited to the plaintiff.
However, all this court need to decide at this time is that, on its merits, the plaintiff's appeal is dismissed.
Robert Satter Judge Trial Referee