FORD MOTOR CREDIT COMPANY *v.*
B. W. BEARDSLEY, INC.
(13327)

HEALEY, SHEA, CALLAHAN, GLASS and SANTANIELLO, Js.

Argued March 3—decision released June 21, 1988

*John B. Nolan,* with whom were *Steven M. Greenspan* and, on the brief, *James J. Tancredi* and *George M. Purtill,* for the appellant (plaintiff).

*Thomas E. Minogue, Jr.,* with whom was *Kimberly A. Grillo,* for the appellee (defendant).

SANTANIELLO, J. The plaintiff, Ford Motor Credit Company, brought an action for replevin of certain motor vehicles in the possession of the defendant, B. W. Beardsley, Inc. On June 27, 1986, the plaintiff directed an ex parte application for the prejudgment remedy of replevin to a judge of the Superior Court for the judicial district of Hartford-New Britain at Hartford. Thereafter, on July 10, 1986, the court issued an order authorizing the replevin of certain property. The action was made returnable to the judicial district of New Haven on August 19, 1986.

On December 15, 1986, the parties appeared before the court in the judicial district of New Haven on the defendant's motion to dissolve the prejudgment remedy. The defendant contended, inter alia, that the ex parte prejudgment application was improper as it was made to a judge of the Superior Court for the judicial district of Hartford-New Britain at Hartford, rather than to the judicial district of New Haven, in violation of General Statutes § 52-278c (a) (1).[1] The plaintiff con-

---

[1] "[General Statutes] Sec. 52-278c. DOCUMENTS REQUIRED. FORMS. HEARING. TEMPORARY RESTRAINING ORDER. ENTRY FEE. SERVICE ON DEFEND-

tended that pursuant to General Statutes § 52-278e[2] it was unnecessary to direct the ex parte application to the court to which the action was returnable. The court, after accepting an offer of proof from the plaintiff, vacated the plaintiff's prejudgment remedy of replevin on the ground that the plaintiff had failed to comply with § 52-278c (a) (1) by failing to direct its ex parte application for prejudgment remedy to the court to which the action was returnable.

The plaintiff thereafter took this appeal contending that the trial court erred in: (1) vacating the plaintiff's prejudgment remedy on the ground that an ex parte application for a prejudgment remedy must be presented to the court wherein the action is returnable; (2) vacating the plaintiff's prejudgment remedy without allowing the plaintiff an opportunity to prove prob-

---

ANT. (a) Except as provided in sections 52-278e and 52-278f, any person desiring to secure a prejudgment remedy shall attach his proposed unsigned writ, summons and complaint to the following documents:

"(1) An application, directed to the superior court to which the action is made returnable, for the prejudgment remedy requested. . . ."

[2] "[General Statutes] Sec. 52-278e. ALLOWANCE OF PREJUDGMENT REMEDY WITHOUT HEARING. NOTICE TO DEFENDANT. SUBSEQUENT HEARING AND ORDER. (a) The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and (1) that the prejudgment remedy requested is for an attachment of real property; or (2) that there is reasonable likelihood that the defendant (A) neither resides in nor maintains an office or place of business in this state and is not otherwise subject to jurisdiction over his person by the court, or (B) has hidden or will hide himself so that process cannot be served on him or (C) is about to remove himself or his property from this state or (D) is about to fraudulently dispose of or has fraudulently disposed of any of his property with intent to hinder, delay or defraud his creditors or (E) has fraudulently hidden or withheld money, property or effects which should be liable to the satisfaction of his debts or (F) has stated he is insolvent or has stated he is unable to pay his debts as they mature.

"(b) If a prejudgment remedy is granted pursuant to this section, the plaintiff shall include in the process served on the defendant the following

able cause at the hearing on the defendant's motion to dissolve the prejudgment remedy; and (3) failing to grant the plaintiff's motion to stay the court's order of December 15, 1986, vacating the plaintiff's prejudgment remedy of replevin.[3] As we find that the court erred in vacating the plaintiff's prejudgment remedy on the basis that the ex parte application had to be directed to the court to which the action was returnable, it is unnecessary to address the remaining issues.

General Statutes § 52-278a et seq. was "enacted in response to the constitutional instructions of *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972), and *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969), [and under that statute,] prejudgment remedies were no longer to be automatically issued by attorneys as commissioners of the Superior Court. Instead, such

notice prepared by the plaintiff: YOU HAVE RIGHTS SPECIFIED IN THE CONNECTICUT GENERAL STATUTES, INCLUDING CHAPTER 903A, WHICH YOU MAY WISH TO EXERCISE CONCERNING THIS PREJUDGMENT REMEDY. THESE RIGHTS INCLUDE: (1) THE RIGHT TO A HEARING TO OBJECT TO THE PREJUDGMENT REMEDY FOR LACK OF PROBABLE CAUSE TO SUSTAIN THE CLAIM; (2) THE RIGHT TO A HEARING TO REQUEST THAT THE PREJUDGMENT REMEDY BE MODIFIED, VACATED OR DISMISSED OR THAT A BOND BE SUBSTITUTED; AND (3) THE RIGHT TO A HEARING AS TO ANY PORTION OF THE PROPERTY ATTACHED WHICH YOU CLAIM IS EXEMPT FROM EXECUTION.

"(c) The defendant appearing in such action may move to dissolve or modify the prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously. If the court determines at such hearing requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved. An order shall be issued by the court setting forth the action it has taken."

[3] The plaintiff, on December 22, 1986, appealed the court's decision and moved to stay the order vacating the prejudgment remedy. The court denied the motion to stay its order by decision dated February 24, 1987. The plaintiff thereafter filed a motion to review the order denying the stay of execution which was dismissed by the Appellate Court on April 2, 1987. This court transferred the appeal to itself on its own motion.

remedies were to be granted only by a court and, except under the exceptional circumstances specified by the statute, only after a hearing conducted in accordance with the requirements of due process." *Sellner* v. *Beechwood Construction Co.*, 176 Conn. 432, 434, 407 A.2d 1026 (1979). In order to comply with due process, notice and an opportunity to be heard must be afforded litigants " 'at a meaningful time and in a meaningful manner.' " *Fermont Division* v. *Smith,* 178 Conn. 393, 397, 423 A.2d 80 (1979). In accordance with § 52-278e, a prejudgment remedy may issue without notice to the defendant or without a hearing, upon verification to the court by oath of the plaintiff or some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim. *Glanz* v. *Testa,* 200 Conn. 406, 408–409, 511 A.2d 341 (1986). In order to comply with federal due process requirements, § 52-278e guarantees a defendant the opportunity for an immediate postseizure hearing at which time the court will dissolve the prejudgment remedy unless it determines that probable cause exists to sustain the plaintiff's claim. Id., 409; *Fermont Division* v. *Smith,* supra, 397–98.

The remedy of allowing a plaintiff to secure a defendant's property in order to satisfy a potential judgment in favor of the plaintiff is a creature of statute. *Glanz* v. *Testa,* supra, 408; *Essex Group, Inc.* v. *Ducci Electric Co.*, 181 Conn. 524, 525, 436 A.2d 16 (1980); *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 582, 376 A.2d 60 (1977). No party may obtain a prejudgment remedy in any action unless the party seeking the prejudgment remedy has complied with the statutory mandates. *Essex Group, Inc.* v. *Ducci Electric Co.,* supra; *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* supra, 583. The defendant contends that the plaintiff, by directing its ex parte application for the prejudgment remedy to a court other

than the one to which the action was returnable, circumvented the mandatory statutory procedures delineated in the prejudgment remedy statute. The plaintiff claims that no such procedure is required by the statute.

"A statute does not become ambiguous solely because the parties disagree as to its meaning." *Commissioner* v. *Freedom of Information Commission,* 204 Conn. 609, 620, 529 A.2d 692 (1987); *Luttrell* v. *Luttrell,* 184 Conn. 307, 310–11, 439 A.2d 981 (1981); *Harris Data Communications, Inc.* v. *Heffernan,* 183 Conn. 194, 198, 438 A.2d 1178 (1981). A statute is to be read as a whole; *Clinton Nurseries, Inc.* v. *Commissioner of Revenue Services,* 205 Conn. 761, 766, 535 A.2d 361 (1988); *Struckman* v. *Burns,* 205 Conn. 542, 546, 534 A.2d 888 (1987); *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 193, 530 A.2d 171 (1987); *University of Connecticut Chapter, AAUP* v. *Governor,* 200 Conn. 386, 399, 512 A.2d 152 (1986); *Orticelli* v. *Powers,* 197 Conn. 9, 14, 495 A.2d 1023 (1985); "with a view toward reconciling its separate parts in order to render a reasonable overall interpretation." *American Universal Ins. Co.* v. *DelGreco,* supra; *University of Connecticut Chapter, AAUP* v. *Governor,* supra; *Orticelli* v. *Powers,* supra. " 'If the words of a statute are clear, the duty of a reviewing court is to apply the legislature's directive, since, where the wording is plain, courts will not speculate as to any supposed intention. The question before a court then is not what the legislature actually intended, but what intention it expressed by the words that it used. . . .' " (Citations omitted.) *Kyrtatas* v. *Stop & Shop, Inc.,* 205 Conn. 694, 699, 535 A.2d 357 (1988); *Struckman* v. *Burns,* supra, 545–46.

The defendant argues that the "inclusive" language of General Statutes § 52-278b[4] providing that "no

---

[4] "[General Statutes] Sec. 52-278b. PREJUDGMENT REMEDIES, REQUIREMENTS; EXCEPTION, WAIVER IN COMMERCIAL TRANSACTION. Notwithstand-

prejudgment remedy shall be available to a person in any action at law or equity unless he has complied with the provisions of sections 52-278a to 52-278g, inclusive" dictates that § 52-278e must be read in conjunction with § 52-278c (a) (1), and that the provisions of § 52-278c (a) (1) for "[a]n application, directed to the superior court to which the action is made returnable, for the prejudgment remedy requested" must therefore be followed when a party is seeking an ex parte prejudgment remedy. Such an interpretation is untenable. An interpretation of a statute that would have it function in a "difficult and possibly bizarre" fashion must be avoided. *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 593, 522 A.2d 771 (1987); *Peck* v. *Jacquemin,* 196 Conn. 53, 72, 491 A.2d 1043 (1985). Section 52-278c governs those situations in which a hearing is scheduled to determine whether the requested prejudgment remedy should be granted. The statute begins with the words "[e]xcept as provided in §§ 52-278e and 52-278f, any person desiring to secure a prejudgment remedy shall [follow delineated procedures]." Section 52-278e governs prejudgment remedies sought without a hearing. This statute states in relevant part that "[t]he court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d" in certain delineated circumstances.

The defendant, in suggesting an inclusive interpretation of § 52-278b, propounds an illogical reading of the statute in view of the fact that procedures for ex parte proceedings and proceedings that are not ex parte

ing any provision of the general statutes to the contrary, no prejudgment remedy shall be available to a person in any action at law or equity unless he has complied with the provisions of sections 52-278a to 52-278g, inclusive, except an action upon a commercial transaction wherein the defendant has executed a waiver as provided in section 52-278f."

are separately stated. Clearly, not every section of chapter 903a of the General Statutes comes into operation whenever a party seeks a prejudgment remedy. " 'In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result.' " *King* v. *Board of Education,* 203 Conn. 324, 332–33, 524 A.2d 1131 (1987); *Gentry* v. *Norwalk,* 196 Conn. 596, 606, 494 A.2d 1206 (1985). " 'Statutes must be construed, if possible, that absurdity and mischief may be avoided.' " *King* v. *Board of Education,* supra, 333.

The defendant suggests that allowing a party to seek an ex parte application for a prejudgment remedy from a court other than that to which the action is returnable may promote judge shopping or forum selection. The defendant appears to overlook the procedural safeguards available to defendants who wish to contest the granting of an ex parte prejudgment remedy. Section 52-278e "guarantees the defendant the opportunity for an immediate post-seizure hearing at which the prejudgment remedy will be dissolved unless the court determines 'that there is probable cause to sustain the validity of the plaintiff's claim.' " *Glanz* v. *Testa,* supra, 409. That hearing would be held in the judicial district to which the action is returnable.

A court may allow an ex parte prejudgment remedy to be issued by an attorney only in those exceptional circumstances delineated in the statute.[5] This statutory scheme reflects an intent by the legislature to protect the interest of a party which might otherwise be jeopardized, while affording a defendant adequate procedural safeguards. To suggest that parties be required to travel to distant courts in the face of some of the exigent circumstances to obtain an ex parte order, is to defy the intent of the legislature as evidenced by the language of the statutes.

[5] See footnote 2, supra.

There is error, the judgment is set aside and the case is remanded for further proceedings.

In this opinion the other justices concurred.