[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiffs, Town of West Hartford (hereinafter "Town"), Charles McCarthy, and West Hartford Building Code Board of Appeals (hereinafter "Board") appeal pursuant to Conn. Gen. Stat. 4-183 and29-266 (d) from a decision of the defendant State Codes and Standards Committee (hereinafter "Committee") ordering McCarthy, the Town Supervisor of Inspections, to issue a certificate of occupancy (hereinafter "C.O.") to the defendant R.C. Associates (hereinafter "RCA") for its property on Albany Avenue in West Hartford.
In January, 1987, RCA obtained a special use permit from the Town to construct or renovate structures located on its property on Albany Avenue for use as "a garden center, nursery and landscape service with accessory greenhouses including the retail sale of home garden and nursery items customarily, commonly, habitually and by long practice established as reasonably associated with the primary use." October 2, 1987, McCarthy issued a temporary certificate of occupancy RCA for the building at 2600 Albany Avenue which provided that "[u]ses maintained in this structure shall be limited to those allowed by the Special Use Permit, which are included in the attached list." On October 5, 1987, the Town issued a cease and desist order to RCA for selling "non-permitted items from Temporary C.O. of 10/2/87.", which order is the subject of a separate appeal before this court.
On November 30, 1987, RCA requested a certificate of Occupancy (hereinafter "C.O."), for the building at 2600 Albany Avenue. By letter dated December 10, 1987, McCarthy denied RCA's request, stating as follows:
 [A]fter evaluating these reports (by the Zoning Enforcement Officer, Town Planner, Fire Marshal, HVAC Building Official, Survey Department and Electrical Inspector), I find it inappropriate to issue your property a Certificate of Occupancy at this time. No Certificate of Occupancy can be issued until your site is in complete compliance with the Town Plan and Zone approved Special Use Permit Plans or you have secured an amendment to the Special Use Permit to validate the present site conditions and until all building code requirements are fulfilled and re-inspected. (Record Item 14, Exhibit 7).
On May 16, 1988, RCA appealed the refusal of the Building Inspector to issue a C.O. to the Board. A hearing was held before the Board on May 24, 1988. By letter dated May 26, 1988, the Board issued its decision that "the building conforms to the building code and could be accepted for occupancy as a garden center/nursery," but "[t]he CT Page 7217 Board also ruled that their body was not charged with ruling on zoning matters, therefore, that portion of the Certificate of Occupancy that refers to the special use permit, was outside their jurisdiction." (Record Item 14, Letter dated May 26, 1988 from Charles McCarthy to Attorney Heagney, RCA's attorney). RCA and Peter Cascio Company, Inc. then filed a "joint appeal" of the Board's decision to the Committee pursuant to Conn. Gen. Stat. 29-266 (b).
On January 24, 1989, the Board and McCarthy filed a motion that the Committee dismiss the appeal for lack of jurisdiction on the ground that the sole reason for the refusal to issue a C.O. to RCA was that the official charged with the enforcement of the zoning regulations could not certify, pursuant to Conn. Gen. Stat. 8-3 (f), that the use of the building was in conformity with the regulations or was a valid nonconforming use. The Board and McCarthy argued that such a dispute was a zoning issue which was outside the purview of the Committee.
A hearing was held before a hearing panel of the Committee on March 22, 1989. At the hearing, Committee Chairman Tripp decided to allow the appellant — RCA to go forward and not to dismiss at that time. By letter to the parties dated June 6, 1989, the Committee issued its decision, based upon the panel's "Findings of Fact and Conclusions of Law." The panel made the following findings of fact:
 1. The building meets all requirements of the Connecticut Basic Building Code. 2. The material "A" type of use within the building is a local zoning issue and the appeals panel has no [sic] jurisdiction. The panel concluded that "[t]he local Building Official should immediately issue a Certificate of Occupancy based on testimony [before the Committee panel] that the building complies with appropriate Codes and Statutes." (Emphasis supplied.)
The decision of the panel was approved by unanimous vote of the Committee at their meeting of June 5, 1989. Said decision was post marked June 9, 1989 and received by the West Hartford Corporation Counsel on June 13, 1989. The plaintiffs thereafter filed the instant appeal from the Committee's decision pursuant to Conn. Gen. Stat. 4-183
and 29-266 (d).
The plaintiffs served all parties by July 8, 1989, within thirty days after the mailing of the Committee's decision, and the complaint was filed on July 18, 1989, within forty-five days after the mailing of the decision, pursuant to Conn. Gen. Stat. 4-183 (b) (rev'd) to 1989. A hearing was held before this court on August 16, 1990.
AGGRIEVEMENT CT Page 7218
Conn. Gen. Stat. 29-266 (d) provides that "[a]ny person aggrieved by any ruling of the codes and standards committee may appeal to the superior court for the judicial district where such building or structure has been or is being constructed." Conn. Gen. Stat. 4-183 (a) provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. . ." An individual or governmental subdivision is included in the definition of "person" for purposes of administrative appeals taken pursuant to Conn. Gen. Stat. 4-183. Conn. Gen. Stat. 4-166 (9).
It is fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved. Connecticut Business Industries Association, Inc. v. Commission on Hospitals and Health Care, 214 Conn. 726, 729 (1990).
 The fundamental test for determining aggrievement encompass a well-settled twofold determination: first, to party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.
Zoning Board of Appeals of North Haven v. Freedom of Information Commission,198 Conn. 498, 502 (1986).
WHETHER PLAINTIFFS ARE AGGRIEVED BY THE DECISION OF THE COMMITTEE
The plaintiffs allege that they are aggrieved by the Committee panel's decision because they have been ordered to issue a certificate of occupancy for property which is being used in violation of the zoning ordinances of the Town and because the issuance of a certificate of occupancy, where there are violations of the zoning ordinances, is contrary to the requirements of Conn. Gen. Stat. 8-3 (f) and 177-39 of the West Hartford Zoning Regulations. The plaintiffs also claim that they have been prejudiced by the Committee's order to issue a C.O. because the Committee's decision exceeded its statutory authority.
At the hearing before this court, Charles McCarthy, the Supervisor of Building Inspections and Secretary to the Board, as well as Chief Zoning Enforcement Officer, testified in order to show aggrievement. McCarthy testified that the order of the defendant Committee for him to issue a C.O. put him in an awkward position vis-a-vis his duties as zoning official. Pursuant to section 177-47 of the West Hartford Ordinances, Charles McCarthy serves in a dual capacity as CT Page 7219 Chief Zoning Enforcement Officer and as Building Inspector. (Record Item 13, p. 28, testimony of West Hartford Corporation Counsel Marjorie Wilder.) The "Conclusion" of the Committee panel overturns both McCarthy's determination that he could not issue a C.O. because of outstanding zoning violations and the Board's determination that it could not force McCarthy to issue the C.O. because it lacked jurisdiction to determine the zoning matters.
The court finds that aggrievement has been established by the plaintiffs Town, Board, and McCarthy in regard to the controversy before this court.
ARGUMENT
In an appeal pursuant to Conn. Gen. Stat. 4-183, the court may not substitute its judgment for that of the administrative agency, nor retry the case. Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489, 496 (1986); see Conn. Gen. Stat. 4-183 (g). The court's duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. Griffin Hospital, supra, at 496.
The plaintiffs argue that their appeal should be sustained because RCA and its tenant, Peter Cascio Co., Inc., introduced no evidence of their aggrievement in the proceeding before the Committee pursuant to Conn. Gen. Stat. 22-266 (b) which provides that any person aggrieved by a decision of a panel of the board of appeals may appeal to the codes and standards committee; that the Committee exceeded its jurisdiction in ordering the issuance of a certificate of occupancy when there were alleged violations of the zoning regulations and when no certification had been issued by the zoning enforcement officer that the building, use or structure complied with the zoning regulations; and that their appeal must be sustained because even though the Committee found that it had no jurisdiction over zoning disputes, its decision reflects an erroneous interpretation by the Committee of 8-3 (f).
The defendant Committee argues that Conn. Gen. Stat. 29-265
simply requires that a building substantially conform to the provisions of the state building code and regulations as a condition precedent to issuance of a C.O.; that there is no mention of any zoning requirement in 29-265; and that the building official was thus limited to determining whether the building substantially conformed to the building code, since to do otherwise and consider matters beyond the scope of his jurisdiction under the building code would be clearly improper. The Committee also claims that since the plaintiffs admit that the building complies with the building code as well as the special use permit but that only some of the activities taking place within the building are allegedly illegal, the proper remedy is a cease and desist order to prevent continuation of those activities, CT Page 7220 not a complete denial of the opportunity to use the building; that the plaintiffs cannot now, under guise of zoning, prevent the defendant from occupying the building because some of the activities taking place within the building may arguably be beyond the activities authorized by the special use permit; and that under 29-266 (b), RCA is presumed to be aggrieved because it was the owner of the building.
The defendants RCA and Peter Cascio Co., Inc. argue that since the intended purpose of a C.O. is to mandate compliance with the state building code prior to use and occupancy, zoning compliance as to actual use is not a prerequisite to the issuance of a C.O. in accordance with 29-265; that a reasonable interpretation of Conn. Gen. Stat. 29-265 and 8-3 is that "use" as used in 8-3 refers to the proposed use of the building prior to occupancy; that once occupancy is effectuated, then General Statutes 8-12 gives the zoning enforcement officer various enforcement remedies for alleged use violations through the use of a cease and desist order, and, under certain limited circumstances, an action for injunction; and that to permit the Town to withhold a C.O. after a structure has been completed in conformity with the state building code, approved building plans, and for a use specifically authorized by a valid Special Use Permit would effectuate a bizarre and unacceptable result.
 WHETHER RCA AND CASCIO WERE AGGRIEVED BY THE DECISION OF THE BOARD OF APPEALS
As to plaintiffs' claim that defendants RCA and Peter Cascio Co., Inc. never proved that they were aggrieved by the Board's decision and thus that they never had standing before the Committee, in their "Joint Appeal from Decision of the West Hartford Building Code Board of Appeals", defendants RCA and Peter Cascio Co., Inc. stated as follows:
 [T]he appellants are both aggrieved by the decision of the Building Code Board of Appeals. RCA is the property owner and has invested $1.2 million in the project, which is detrimentally affected by the Building Official's refusal to issue a Certificate of Occupancy. Cascio is the principal tenant and has invested its time and money in developing and expanding its business, including inventory expansion and the like; its occupancy of the building and its business income are directly threatened by the Building Official's refusal to issue a Certificate of Occupancy. Both Appellants are harmed, and will suffer continued harm, if no Certificate of Occupancy is issued.
(Record Item 13, pp. 3-4.) These statements were read into the record CT Page 7221 by the Chairman of the Committee at the beginning of the hearing before the Committee panel; said statements were not challenged by the Town at the hearing before the Committee.
The Committee could have reasonably found that RCA was the owner of the property. Since an owner of the building or structure may appeal to the Board pursuant to Conn. Gen. Stat. 29-266 (b) from a decision of the building official to refuse to issue a C.O., an owner is also an aggrieved person entitled to appeal to the Committee a decision by the Board upholding the building official's refusal. Since this court finds that the Committee could have reasonably found that RCA, as the owner of the property, was aggrieved, the Committee had jurisdiction to hear the appeal. It follows that this court need not determine whether the Committee could have reasonably found that the tenant, Peter Cascio Co., Inc., was also an aggrieved person entitled to take an appeal from the decision of the Board.
 WHETHER THE INSTANT APPEAL WAS PROPERLY BEFORE THE COMMITTEE, AND, IF SO, WHETHER THE COMMITTEE EXCEEDED ITS STATUTORY AUTHORITY BY ORDERING THE BUILDING OFFICIAL TO ISSUE A CERTIFICATE OF OCCUPANCY WITHOUT PROOF OF WRITTEN CERTIFICATION FROM THE ZONING OFFICIAL PURSUANT TO C. G. S., 8-3 (f)
Charles McCarthy serves in a dual capacity as Chief Zoning Enforcement Officer and Building Inspector of West Hartford. At the hearing before the hearing panel of the Committee, McCarthy testified, "I've said right along, the building conforms to the building code." The Town also offered to stipulate that the building conforms to the building plans and building code. McCarthy had also testified before the Board that the building complied with the building code.
Attorney Wilder, in her opening remarks before the Committee stated:
 [T]he sole reason why the Town of West Hartford has not issued a Certificate of Occupancy deals with the zoning statute [8-3(f)]. . . We do admit that we have ongoing disputes with the Appellants as to whether or not there are zoning violations on the site. There are currently four pending appeals in Superior Court on those issues. . . But the sole reason why we have not issued a Certificate of Occupancy are [sic] the zoning issues.
At the hearing, Committee Chairman Tripp stated as follows:
 [L]et me set the tone so no one has any misunderstanding. We're only going to deal with the building permit process, the issuance or nonissuance and whether Mr. McCarthy acted as a licensed certified building official in the CT Page 7222 State of Connecticut. And that's the issue before us and that's what we're going to rule on. So, if you start to discuss anything other than that I'm going to cut you off, just so we all know where we're coming from. McCarthy later testified, in response to an inquiry as to why he had not issued a permanent C.O., "[B]ecause of outstanding zoning violations on the property." Chairman Tripp then asked McCarthy what action he would take if a permanent C.O. were issued and it subsequently came to his attention that there were zoning violations, and McCarthy responded that "[w]e would direct it as a zoning violation. Notification that it's a zoning violation, a cease and desist that it's a zoning violation and pursue it with whatever has to happen to make it comply." Upon inquiry by Chairman Tripp, McCarthy responded that a cease and desist order had been issued in this particular matter. Throughout the hearing, the panel continued to hear testimony related to the zoning violations even though Chairman Tripp continued to state that the panel would not hear testimony or receive evidence related to the zoning problems.
When asked why he did not issue a C.O. in his capacity as building official, McCarthy replied that he had not done so because the building had not been signed off as being in zoning compliance. McCarthy further indicated that 8-3 (f) prevents him from issuing a C.O. unless there is such a sign-off.
Conn. Gen. Stat. 29-265 (a) provides, in part, as follows:
 [N]o building or structure erected or altered in any municipality after October 1, 1970, shall be occupied or used, in whole or in part, until a certificate of occupancy has been issued by the building official, certifying that such building or structure substantially conforms to the provisions of the state building code and the regulations lawfully adopted thereunder.
Conn. Gen. Stat. 8-3 (f) provides as follows:
 [N]o building permit or certificate of occupancy shall be issued for a building, use or structure subject to the zoning regulations of a municipality without certification in writing by the official charged with the enforcement of such regulations that such building, use or structure is in conformity with such regulations or is a valid nonconforming use under such regulations (emphasis supplied).
 The legislature amended 8-3 (f) to add "or certificate of occupancy" in 1984. See Conn. Pub. Acts No. 84-434 (1984). CT Page 7223
A statute should be construed so that no word, phrase or clause will be rendered meaningless. Verrastro v. Sivertsen, 188 Conn. 213,221 (1982). In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result. Ford Motor Credit Co. v. B. W. Beardsley, Inc., 208 Conn. 13, 20 (1988). Courts must construe statutes to effectuate their legislative purpose. Cedar Island Improvement Association v. Clinton Electric Light and Power Co., 142 Conn. 359, 369 (1955). The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces. Plourde v. Liburdi, 207 Conn. 412, 417 (1988); see also, Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 440 (1985).
The purpose of the amendment to 8-3 (f) was to prohibit the issuance of a certificate of occupancy for a building use or structure or site that is subject to town zoning regulations until, and this bill would tie the two together, the appropriate zoning official certifies in writing that the purpose conforms to the regulations. The reason is to spare any long range complications after construction, if the regulations have not been adhered to. 27 S. Proc., Pt. 2, 1984 Sess., pp. 769-770.
Since the amendment of 8-3 (f) in 1984, the issuance of a certificate of occupancy by the building official is not only contingent upon compliance with the state building code and regulations, but also upon certification in writing by the zoning official that the building, use or structure complies with the zoning regulations or is a valid nonconforming use. The "Conclusion" of the Committee panel in this case ignores the requirement of 8-3 (f) that the zoning official certify compliance with the zoning regulations. To uphold the "Conclusion" of the Committee and to force the local building official to issue a certificate of occupancy without the requisite certification by the zoning enforcement officer pursuant to8-3 (f) would render the 1984 amendment to 8-3 (f) meaningless. The Committee acted beyond the scope of its authority in ordering the issuance of a C.O. because one of the requirements — written certification by the zoning official pursuant to 8-3 (f) — had not yet been satisfied.
Although the Committee panel's "Conclusion" was erroneous, the Committee properly exercised jurisdiction over the appeal from the Board. Since the building official is responsible for the issuance of a C.O. pursuant to Conn. Gen. Stat. 29-265 (a), the refusal by a building official to issue a C.O. is reviewable by the Board and the Committee pursuant to Conn. Gen. Stat. 29-266. Since, as discussed above, the building official must determine that the zoning official has issued his written certification of compliance CT Page 7224 pursuant to Conn. Gen. Stat. 8-3 (f) prior to the issuance of a C.O., the Committee has the jurisdiction to review the building official's determination as to whether or not that requirement has been satisfied. The evidence in the record clearly reflects that the zoning official had not issued his 8-3 (f) certification of compliance. Once the evidence before the Committee panel revealed that no written certification of compliance had been issued by the zoning official, the Committee was required to uphold the building official's refusal to issue a C.O. This in no way requires the Committee to determine whether or not the zoning official is properly refusing to issue a certificate of compliance and, thus, does not require the Committee to exercise jurisdiction over zoning matters. While the Committee properly exercised jurisdiction over this appeal from the actions of the building official, the Committee also and correctly determined that it had no jurisdiction over the underlying zoning dispute which had caused the zoning official to refuse to issue his 8-3 (f) certification. Said refusal by said zoning official to issue said certification was reviewable on its merits by the local zoning board of appeals. See Conn. Gen. Stat. 8-6. Thus, contrary to the plaintiff's argument, this appeal was properly before the Committee. However, the Committee exceeded its authority in ordering the building official to issue a C.O. without proof of written certification from the zoning official pursuant to 8-3 (f).
The court finds that substantial rights of the plaintiff appellants have been prejudiced by the decision of the Committee in ordering the building official to issue a certificate of occupancy without proof of written certification from the zoning official pursuant to C.G.S., 8-3 (f), in violation of statutory provisions, in excess of the statutory authority of the agency, made upon unlawful procedure, and clearly erroneous in view of the reliable, probative and substantial evidence on the whole record under C.G.S., 4-183 (j).
For the foregoing reasons, the appeal is sustained. Judgment may enter in favor of all three plaintiff — appellants. Accordingly, the defendant — State Codes and Standards Committee is ordered to uphold the decisions of zoning officer Charles McCarthy and of the West Hartford Building Code Board of Appeals in refusing to issue a certificate of occupancy to plaintiff RCA, and the defendant Committee is further ordered to take such other action as may be necessary to effectuate the judgment of this court.
By the Court, Doyle, Sr. J,