[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On January 9, 1990, the plaintiff, Marcel Turgeon, filed a one count product liability action against the defendant, Kawie Supply Co., Inc. ("Kawie"), seeking to recover for injuries he sustained when a torque wrench allegedly sold by Kawie to the plaintiff's employer broke, causing the plaintiff to fall. On March 28, 1991, Kawie filed a motion to implead Triangle Tool Group, Inc. ("Triangle"), which was granted by the court, Maloney, J., on April 16, 1991. Kawie thereafter filed a one count third-party complaint against Triangle on May 19, 1991, alleging that Triangle manufactured, designed and originally sold the wrench, and claiming indemnification from Triangle based upon active/passive negligence. On July 9, 1991, Kawie filed a revised third-party complaint against Triangle.
On July 6, 1992, Triangle filed an answer and three special defenses. In the special defenses, Triangle alleges that Kawie's third-party action is time barred by operation of General Statutes 52-577a, 52-577
and 52-584, respectively. On July 30, 1990, Kawie replied to the special defenses, thereby closing the pleadings in the third party action.
On August 13, 1992, Triangle filed a motion for summary judgment on Kawie's revised third-party complaint based upon the statutes of limitations alleged in its three special defenses. In support of its motion, Triangle filed a memorandum of law and copies of the original writ of summons, complaint and sheriff's return in the underlying action, and photocopies of certified CT Page 11010 copies of the file stamped writ of summons returned to court in the underlying action and sheriff's return in the third-party action. On September 11, 1992, Kawie filed an objection to Triangle's motion for summary judgment, accompanied by a memorandum of law in opposition to the motion.
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11,459 A.2d 115 (1983). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988).
Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A.2d 893
(1986). Mere assertions of fact are insufficient to establish the existence of a material fact. Id., 569. The party seeking to resist summary judgment may not rely on underlying pleadings containing only general denials or upon the pleadings of someone not a party to the motion for summary judgment to establish the existence of a "genuine issue" as to a material fact. Citizens National Bank v. Hubney, 182 Conn. 310, 312, 438 A.2d 430
(1980).
The function of the trial court in summary judgment proceedings is not to decide issues of material fact but to determine whether any such issues exist. Nolan v. Borkowski, supra, 500. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986); see Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317, 477 A.2d 648 (1984).
Triangle argues that it is entitled to judgment on Kawie's revised third-party complaint because Kawie CT Page 11011 failed to serve its third-party action on Triangle within one year from the date the original plaintiff's action was returned to court as required by General Statutes52-577a(b). Triangle further argues that even if Kawie's third-party action was not barred by General Statutes 52-577a(b), it would still be barred by either the general tort statute of limitations, General Statutes52-577, or the negligence statute of limitation, General Statutes 52-584.
Kawie argues in response to Triangle's motion that a statute of limitations does not commence to run on an indemnification claim until a judgment has been rendered against the defendant in the underlying action. Thus, Kawie argues, if its cause of action has not yet accrued, any statute of limitations cannot have expired. Kawie urges this court not to "follow the erroneous trail blazed" by the appellate court in Protter v. Brown Thompson Co., 25 Conn. App. 360, 593 A.2d 524 (1991), cited by Triangle in its motion for summary judgment. (See Memorandum of Law in Opposition to Motion for Summary Judgment, pp. 8-13). Kawie further asserts that because its third-party action is an indemnification claim based upon active/passive negligence and not a product liability claim, General Statutes 52-577a(b) does not apply to its third-party action.
General Statutes 52-577a(b) provides:
 In any such [product liability] action, a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court.
In Malerba v. Cessna Aircraft Co., 210 Conn. 189,554 A.2d 287 (1989), the supreme court held that "common law indemnification continues as a viable cause of action in the context of product liability claims. Id., 198. In Malerba, the court compared General Statutes 52-102a, the general impleader statute, and General Statutes52-577a(b), and stated that "[w]hile 52-577a(b) omits CT Page 11012 the words `to him' which are found in 52-102a, the failure to identify specifically to whom the impleaded third party may be liable does not preclude parallel treatment of the two statutes in view of their otherwise similar language." (Citation omitted.) Id., 194. While the court in Malerba did not specifically hold that the one year limitation period contained in General Statutes 52-577a(b) applies to common law indemnification claims asserted against a third-party defendant in a product liability action, the fact that the court held that General Statutes 52-102a and52-577a(b) implicitly authorize such claims implies that the limitation period contained in General Statutes52-577a(b) would be applicable to common law indemnification claims brought in the context of an underlying product liability action.
Words used in statutes "shall be construed according to the commonly approved usage of the language. . . ." General Statutes 1-1; see Cos Cob Volunteer Fire Co. No. 1, Inc., v. FOIC, 212 Conn. 100,105, 561 A.2d 429 (1989). Where the words of a statute are clear, the court merely applies the directive of the legislature since "`Where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended but what intention it expressed by the words that it used.'" (Citations omitted.) Verrastro v. Sivertsen, 188 Conn. 213, 220,448 A.2d 1344 (1982). "`A statute does not become ambiguous solely because the parties disagree as to its meaning.'" (Citations omitted.) Ford Motor Credit Co. v. B.W. Beardsley, Inc., 208 Conn. 13. 16, 542 A.2d 1159
(1988).
The plain wording of General Statutes 52-577a(b) does not limit its one year limitation period for filing impleader actions to only those defendants asserting claims against third parties based upon a product liability theory, but rather the limitation period applies to any impleader action filed by a defendant product seller in a product liability action regardless of whether the impleader action is based upon product liability or common law indemnification. CT Page 11013
 [T]he statute of limitations provided for by General Statutes 52-577a(b) is not on its face limited to product liability causes of action; rather, the limitation applies to any impleader filed by a defendant product seller seeking indemnification or contribution from a third party. The only limitation on the application of 52-577a(b) is that the underlying action be a product liability claim, but there is no indication that the impleader action must sound in product liability.
Safeco Insurance Co. v. Ford Products Corp., 6 CTLR 165, 166 (March 18, 1992, Hadden, J.). But see Onofrio v. Onofrio, 3 CSCR 803, 804 (September 21, 1988, Purtill, J.) (court held prior to Malerba decision that General Statutes 52-577a(b) did not bar common law indemnification claim).
The plaintiff's original product liability action bears a return date of January 16, 1990 and was returned to court on January 9, 1990. Pursuant to General Statutes 52-577a(b), Kawie had until January 9, 1991 to serve its third-party action upon Triangle. However, Kawie did not file its motion to implead Triangle until March 28, 1991 and did not serve Triangle with the third-party action until April 30, 1991.
Kawie further asserts in its memorandum in opposition to Triangle's motion that in its third-party action, Kawie
 is simply asserting that the first-party plaintiff erroneously sued the wrong party and that Triangle Tool was, in fact, the manufacturer of the wrench which the plaintiff was using at the time he was alleged [sic] injured and of [sic] which the plaintiff claims is defective in its design and manufacture. . . . Kawie Supply's claim in its third-party complaint is that it is not a "products [sic] seller" and that, rather, Triangle Tool sold the product which is the subject of the CT Page 11014 first-party plaintiff's action. Connecticut General Statutes [sic] 52-577a(b), quite simply, does not apply to the Kawie Supply's third-party action.
(Emphasis in original.) (Memorandum of Law in Opposition to Motion of Summary Judgment, pp. 13-14).
However, as stated above, the party seeking to resist summary judgment may not rely on underlying pleadings containing only general denials to establish a genuine issue of material fact. See Citizens National Bank v. Hubney, supra. In the underlying product liability action, the plaintiff alleges that Kawie sold and distributed the wrench to the plaintiff's employer, and, in its answer, Kawie denies that allegation. However, despite Kawie's contention in its memorandum, Kawie's revised third-party complaint is devoid of any claim that the plaintiff sued the wrong party because Kawie did not sell the wrench in question and Triangle did sell the wrench. Kawie merely alleges that Triangle was the "manufacturer, designer and original seller" of the wrench and that it was Triangle's negligence in manufacturing a defective tool rather than any negligence by Kawie that was the proximate cause of the plaintiff's injuries. (Emphasis added.) (Revised Third-Party Complaint, paras. 2, 3). The revised third-party complaint is devoid of any indication that "Kawie Supply's claim is that it is not a `products [sic] seller.'" (Emphasis in original.) (Memorandum of Law in Opposition to Motion for Summary Judgment, p. 14). Further, Kawie has not filed an affidavit or any other documentary evidence which would support its contention that it is not a "product seller" or that a question of fact remains regarding its status as a "product seller" for purposes of General Statutes52-577a(b). As stated above, mere assertions of fact are insufficient to establish the existence of a material fact. Daily v. New Britain Machine Co., supra. Accordingly, the court finds that Kawie's third-party action is subject to the impleader statute of limitations found in General Statutes 52-577a(b). Kawie's third-party action against Triangle is thus barred by General Statutes 52-577a(b) because it was CT Page 11015 served upon Triangle more than one year from the date the plaintiff's product liability action was returned to court.
However, even if this court took as true Kawie's assertion that General Statutes 52-577a(b) does not apply to its third-party action because Kawie is not a "product seller," Kawie's third-party action would be barred under either General Statutes 52-584 or 52-577
since it was served upon Triangle more than three years from "the date of the act or omission complained of." See Protter v. Brown Thompson Co., supra, 364-65. Here, the "act or omission complained of" for purposes of Kawie's indemnification claim against Triangle is the alleged negligence of Triangle in manufacturing the wrench. This act necessarily occurred, if at all, before December 14, 1986, the date that the wrench allegedly broke, causing the plaintiff to fall. See id., 365. Since Kawie's third-party action was not served upon Triangle until April 30, 1991, Kawie's third-party action against Triangle is barred by either of the potentially applicable statutes of limitations, General Statutes 52-577 or 52-584.
Accordingly, for all of the foregoing reasons, Triangle's motion for summary judgment on the revised third-party complaint is granted.
MARY R. HENNESSEY, JUDGE