[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The motion to strike is denied. Contrary to the defendants' claim, the plaintiffs do not allege facts designed to bring the cause of action within § 52-182. Instead, they allege that the authorization to drive the vehicle created a principal/agent or employer/employee relationship. These allegations bring the cause of action under § 52-183.
While § 52-183, like § 52-182, is procedural in nature, [Baker v. Paradiso,] 117 Conn. 539, 545 (1933), it differs markedly from that statute in that it expressly contemplates the possibility that an action claiming reckless operation of a motor vehicle may be brought against an owner as well as an operator.
When it enacted the statute the legislature must be presumed to have been aware of the well established principle announced in [Maisenbacker v. Society Concordia,] 71 Conn. 369, 379
(1899), that there was no vicarious liability for reckless misconduct at CT Page 4995 common law. [Plourde v. Liburdi,] 207 Conn. 412, 417
(1988). Thus, for the legislature to have set up an evidentiary presumption in two distinct categories of cases. i.e., negligence and recklessness, without that constituting recognition of a cause of action for vicarious recklessness would be attributing to the legislature a useless act. [Ford Motor Credit Co. v. B. W. Beardsley, Inc.,]208 Conn. 13, 20 (1988).
MOTTOLESE, J.