[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AMENDED PETITION FOR DISCLOSUREAND RELEASE OF CRIMINAL RECORDS.
The Plaintiff Administrator in the above captionedcivil case, requests the Court to order that the entire
record in the above captioned criminal case be preserved and disclosed, including the court, police, and the prosecution's investigative materials and records, including the entire court transcript.
On June 23, 1995, the Defendant was acquitted by a jury of the charge of murder and the lesser included offense of manslaughter in the first degree. On July 11, 1995, he pleaded guilty to three counts of tampering with physical evidence; two other tampering counts were dismissed after the State nolled them.
These five tampering counts had been severed from CT Page 9332 the murder count by the court (Fineberg, J.) on October 7, 1994. [State v.. Fuessenich, 12 Conn. L. Rptr. 520].
Conn. General Statute § 54-142a(a), sometimes referred to as the "Erasure Statute," provides as follows:
 Whenever . . . the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney, pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, . . . .
Since Mr. Fuessenich was found not guilty of the murder charge, and the time to file a writ of error or to take an appeal has expired, the above statute would require erasure of all the specified records concerning the murder charge unless that statute [§ 54-142a(a)] is not applicable in this case. The purpose of this erasure statute has been clearly stated by the Conn. Supreme Court in a case involving its predecessor statute:
 The obvious purpose of the statute is to protect innocent persons from the harmful consequences of a criminal charge of which he is subsequently acquitted.
Lechner v. Holmberg, 165 Conn. 152, 160 (1973).
The Administrator argues that the above subsection (a) does not apply because of subsection (g) which states:
 The provisions of this section shall not apply to any police or court records or the records of any state's attorney or prosecuting attorney with respect to any count of any information or indictment which was nolled or dismissed if the accused was convicted upon one or more counts of the same information or indictment.
On October 7, 1994, the Court (Fineberg, J.), in a CT Page 9333 written ruling, granted John Tyler Fuessenich's motion to sever the tampering with physical evidence counts from the murder count. Because of this severance, the court will treat the murder count as separate and distinct from the other counts, and therefore the subsection (g) exception does not apply, because the convictions were upon counts that had been severed from the murder count.
In addition, subsection (g) could apply only if the count in question (murder), was "nolled or dismissed." There is no reference to being found "not guilty." If the legislature intended to include a not guilty finding in the subsection (g) exception to erasure, it could have done so. That this is so is confirmed by the fact that in the very same statute, 54-142a(a), the words "is found not guilty of the charge or the charge is dismissed" are used. By specifically including "not guilty" in the same phrase as "dismissed," in subsection (a), and then eliminating "not guilty" in a sentence in subsection (g) which uses the words "nolled or dismissed", the legislature clearly indicated that the subsection (g) exception to the "erasure statute" is not applicable in this case to the severed murder charge, because the Defendant was found not guilty of that charge.
 It is a well established maxim of statutory construction, that when a statute enumerates exceptions to a stated general proposition, anything not excepted is conclusively included. Blakeslee v. EI Constructors, Inc., 32 Conn. App. 118, 129, 130 (1993).
Subsection (g) of Section 54-142a is not applicable in this case, because the Defendant was found not guilty of the murder charge; it was not nolled or dismissed, and he was not convicted on any count except on some of the counts that had been severed from the murder count.
Mr. Ruggiero further argues that he is entitled to the records he seeks because he is a victim's representative under Section 54-142c(b) of the Conn. General Statutes, which reads as follows:
 Notwithstanding any other provisions of this chapter, within one year from the date of CT Page 9334 disposition of any case, the clerk of the court or any person charged with retention and control of erased records by the chief court administrator or any criminal justice agency having information contained in such erased records may disclose to the victim of a crime or his legal representative the fact that the case was dismissed. If such disclosure contains information from erased records, the identity of the defendant or defendants shall not be released, except that any information contained in such records, including the identity of the person charged may be released to the victim of the crime or his representative upon written application by such victim or representative to the court stating (1) that a civil action has been commenced for loss or damage resulting from such act or (2) the intent to bring a civil action for such loss or damage. Any person who obtains criminal history record information by falsely representing to be the victim of a crime or his representative shall be fined not more than five thousand dollars or imprisoned not less than one year nor more than five years or both.
This statute does not apply to the civil case brought by the Administrator of the Estate of James B. Irwin, Jr. against John T. Fuessenich, because Mr. Ruggiero is not a representative of the victim of a crime of murder. There is no victim of the crime of murder, because the jury determined that Mr. Fuessenich was not guilty of the crime of murder. Mr. Irwin cannot be the victim of a crime which the jury found was not committed. The crimes of which Mr. Fuessenich was convicted, tampering with physical evidence, had been severed from the murder count, and therefore must be treated separately.
Finally, the Administrator, Mr. Ruggiero, argues that since Conn. General Statute 51-61(c) provides:
 Each official court reporter, assistant court reporter and monitor shall, when requested, CT Page 9335 furnish to the court, to the state's attorney or any assistant or deputy assistant state's attorney, to any party of record and to any other person, within a reasonable time, a transcript of the proceedings, or such portion thereof as may be desired, . . .
he is entitled to the records and transcripts because he is in the class of "any other person".
To adopt this argument the court would have to read Section 51-61(c) in a vacuum, in isolation, as if Section54-142a(a), the Erasure Statute, did not exist. This the court cannot do.
 In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." Ford Motor Credit Co. v. B. W. Beardsley, Inc., 208 Conn. 13, 20 (1988), quoting King v. Board of Education, 203 Conn. 324, 332-333 (1987) and Gentry v. Norwalk, 196 Conn. 596, 606 (1985).
 Statutes must be construed, if possible, that absurdity and mischief may be avoided.
Ford Motor Credit Co., supra, 20, quoting King, supra, 333.
The Court must look at Section 51-61(c) and Section54-142a(a) together. One of the critical elements in discerning legislative intent is the statute's "relationship to existing legislation." See Lauer v.Zoning Commission, 220 Conn. 455, 460 (1991). The Court has looked at these two statutes as they relate to one another, and concludes that Section 51-61(c) must yield to Section 54-142a(a).
For the Court to adopt the argument urged by the Administrator of Mr. Irwin's estate, it would have to do violence to the above quoted principals of statutory construction, as clearly established by our Connecticut Appellate Courts. As recently as last week, the Conn. Supreme Court held as follows: CT Page 9336
 "We presume that laws are enacted in view of existing relevant statutes and that the legislature intended them to be read together so as to constitute one consistent body of law. Department of Administrative Services v. Employees' Review Board, 226 Conn. 670, 679, 628 A.2d 957 (1933)." Pollis v. Planning Commission, 232 Conn. 44, 55, 652 A.2d 1026 (1995).
PARCC, Inc. v. Commission on Hospitals Health Care,235 Conn. 128, 141-42, C.L.J., August 15, 1995, pp. 143-44. It would be improper for the Court to limit its focus to Section 51-61(c), thereby disregarding Section54-142a(a).
The Court finds that the Administrator of the Estate of James B. Iwrin, Jr. is not entitled to any records of the murder count, including, but not limited to, court transcripts of the murder trial. The Administrator's motion, which requests that the Court order disclosure of the entire record in the case of the State of Connecticutv. John T. Fuessenich, CR-91-0073111, including court, police, and the prosecution's investigative materials and records, including the entire court transcript from CR-91-0073111, is denied.