[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that he forfeited earned good time by receiving a disciplinary ticket. He was notified by the Warden in writing that he would have to be discipline free for a period of 4 months before being considered for restoration of the forfeited earned good time. On February 7, 1994 Administrative Directive 9.5 was promulgated requiring the petitioner to remain discipline free for an extended period of time in order to be considered for restoration of such forfeited good time credit.
The petitioner claims that the Commissioner did not comply with UAPA, in amending and applying Administrative Directive 9.5 "Code of Penal Discipline" as to him.
Since the Commissioner of Corrections or his designee have the discretionary function of applying, revocating or restoring statutory good time credits, Howard v. Commissioner ofCorrections, 208 Conn. 17, 19, n. 3, any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v. Warden, 26 Conn. App. 132,134-5. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchezv. Warden, 214 Conn. 23, 33.
The Due Process Clause gives prisoners a Constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289, 299. Here the petitioner does not allege improper revocation of such credits CT Page 1071 but that the retroactive application of the Directive has lengthened his period of incarceration. The petitioner does not have a liberty interest in unearned good time credits nor on the restoration of forfeited good time credits. Such are not automatically given but are given at the discretion of the Commissioner. Abed v. Commissioner, 43 Conn. App. 176, 181. For the above reasons the petition is denied.
Corrigan, J.T.R.