[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
 FACTS
The plaintiff, Virginia Johnson, filed a four-count complaint on December 21, 1999. In the complaint, the plaintiff alleges the following facts. On or about December 5, 1997, the plaintiff was driving in an easterly direction on Route 184 in Groton when she stopped behind another vehicle at a red light. While the plaintiff's vehicle was stopped at the light it was struck from behind by the vehicle driven by the defendant, Peter Campo. The plaintiff suffered various serious injuries which were proximately caused by the negligence of the defendant Peter Campo. The plaintiff further alleges that the defendant Peter Campo, in driving his vehicle into the plaintiff's vehicle, operated his vehicle recklessly in violation of General Statutes §§ 14-218a and 14-222 (a), and that this recklessness was a substantial factor is causing the plaintiff's injuries.
The first and third counts sound in negligence and recklessness, respectively, and are brought against the defendant Peter Campo. The CT Page 8734 second and fourth counts are brought against the defendant corporation, Campo's Furniture Company. In those two counts, the plaintiff repeats the basic allegations of the first and third counts, respectively; the plaintiff further allege that the vehicle driven by Peter Campo was owned by Campo's Furniture, that Peter Campo was an employee of Campo's Furniture, and that at the time of the collision, Peter Campo was operating the vehicle within the scope of his employment. In her prayer for relief, the plaintiff seeks money damages, double and treble damages pursuant to General Statutes § 14-295, and such other relief as may be appropriate.
On April 10, 2000, the defendant Campo's Furniture Company (hereafter "the defendant"), filed the present motion to strike. The defendant seeks to have the fourth count of the complaint and the prayer for relief seeking double and treble damages stricken on the ground that General Statutes § 14-295 applies only to operators of motor vehicles, and that the owner of a vehicle may not be held vicariously liable for the operator's recklessness. The defendant's motion is accompanied by a memorandum of law. The plaintiff filed an objection and memorandum of law on April 26, 2000.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v.Fusco Corp. 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
The defendant moves to strike the fourth count and the portion of the prayer for relief seeking double and treble damages under General Statutes § 14-295. In support its position, the defendant argues that, at common law, punitive damages could not be vicariously imposed on CT Page 8735 employers, and that there is no legislative enactment indicating an intent to modify this common law rule. The plaintiff argues, however, that General Statutes § 52-183 and the plain language of General Statutes § 14-295 itself, authorize the imposition of multiple damages on the owner of a vehicle.
The appellate courts have not addressed the issue of whether multiple damages may be imposed on an employer pursuant to General Statutes §14-295 when an employee recklessly operates a motor vehicle in the course of his employment. There is a split on this issue among the judges of the Superior Court. Some have held that multiple damages may be recovered from a driver's employer. See Provenzano v. Ryder Truck Rental, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352431 (December 9, 1999, Skolnick, J.); Takeyama v. Turner PaintingService, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162949 (November 23, 1998, Lewis, J.); Bonitto v.Oppel, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156855 (July 14, 1997, Karazin, J.) (20 Conn.L.Rptr. 202). Others have ruled that multiple damages may not be vicariously imposed and that a prayer for such relief must be stricken. See Carta v. Cohn,
Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.); Madore v. Busa, Superior Court, judicial district of Waterbury, Docket No. 139176 (May 7, 1998, Kulawiz,J.); Robinson v. McWeeney, Superior Court, judicial district of New Haven, Docket No. 379968 (April 23, 1996, Corradino, J.) (16 Conn. L. Rptr. 514).
This court agrees with the cases allowing claims against employers for double or treble damages. The present case presents a situation within the plain language of General Statutes § 14-295. That section provides as follows: "In any civil action to recover damages resulting from personal injury, wrongful death or damages to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." General Statutes § 14-295. The present action against the defendant employer is a "civil action to recover damages resulting from personal injury. . . ." The plaintiff has "specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section[s] 14-218a [and] 14-222
. . . and that such violation was a substantial factor in causing such injury. . . ." Section 14-295 does not state that such damages may only be imposed upon the negligent or reckless party, as opposed to a party held vicariously liable.[1]
CT Page 8736
Furthermore, General Statutes § 52-183 supports the conclusion that double or treble damages may be imposed vicariously on an employer. That section provides as follows: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption." General Statutes § 52-183.
The separate mention of negligence and recklessness in General Statutes § 52-183 supports an inference that the legislature anticipated employer liability for recklessness damages in addition to ordinary negligence damages. "When it enacted the statute the legislature must be presumed to have been aware of the well established principle announced inMaisenbacker v. Society Concordia, 71 Conn. 369, 379 [42 A. 67] (1899), that there was no vicarious liability for reckless misconduct at common law. Plourde v. Liburdi, 207 Conn. 412, 417 [540 A.2d 1054] (1988). Thus for the legislature to have set up an evidentiary presumption in two distinct categories of cases, i.e., negligence and recklessness, without that constituting recognition of a cause of action for vicarious recklessness would be attributing to the legislature a useless act. FordMotor Credit Co. v. B. W. Beardsley, Inc., 208 Conn. 13, 20 [542 A.2d 1159] (1988)." Lockwood v. Gorski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 133909 (May 6, 1994, Mottolese,J.); see also Fusco v. Oliveira, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 568219 (November 25, 1997,Wagner, J.) (21 Conn.L.Rptr. 49); Vince v. Negron, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 564244 (May 8, 1997, Hale, J.).
 CONCLUSION
The plaintiff's action against the defendant employer is within the plain language of General Statutes § 14-295. Furthermore, General Statutes § 52-183 indicates the legislature's intent to make employers liable for multiple damages imposed on reckless drivers. Consequently, the defendant's motion to strike is denied.
D. Michael Hurley, Judge Trial Referee